<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HOSSEIN AMERI,**<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION, et al.,**<br><br>Defendants. | **Civil Action No. 14-3319 (ES) (JAD)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

**I.     INTRODUCTION**

This is an action alleging "violation of state and federal credit reporting acts." Pending before the Court are motions to dismiss Plaintiff Hossein Ameri's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) by FIA Card Services, N.A.[1] ("FIA"), Verizon Wireless ("Verizon"), and Synchrony Bank[2] ("Synchrony") (collectively "Moving Defendants"), (D.E. Nos. 26–28), and a motion to strike Plaintiff's Opposition Brief filed by Synchrony, (D.E. No. 38). The Court has considered the parties' submissions and resolves the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). Because Plaintiff's Complaint does not plead that notification was provided to a credit reporting agency, the motions to dismiss are GRANTED and Plaintiff's Complaint is dismissed with prejudice as to the Moving Defendants.

---

[1] As of October 1, 2014, FIA Card Services, N.A. merged into and with Bank of America, N.A., and Bank of America, N.A. is the successor by merge to FIA Card Services, N.A. (*See* D.E. No. 47 at 1 n.1).
[2] Identified as GECRB Credit Services in the complaint. (*See* D.E. No. 28-1 at 1).

## II.     FACTUAL & PROCEDURAL BACKGROUND

Pro-se Plaintiff Hossein Ameri filed this action in state court on May 13, 2014. (*See* D.E. No. 1-2). The complaint generally alleges violation of "state and federal credit reporting acts" and names as defendants: Equifax Information Services LLC ("Equifax"), Experian Information Solutions Inc. ("Experian"), Trans Union, LLC ("Trans Union"), FIA, Verizon, Synchrony, and Lesco Collection Agency ("Lesco"). (*See generally id.*).

The action was removed to this Court on May 23, 2014. (D.E. No. 1). Three of the Defendants—Experian, Trans Union,[3] and Equifax (collectively the "credit reporting agencies" or "CRAs")—filed answers to the complaint. (*See* D.E. Nos. 5, 7, and 24). Three of the Defendants—FIA, Verizon, and Synchrony—filed motions to dismiss. (*See* D.E. Nos. 26, 27, and 28, respectively). Lesco has not currently made an appearance.

On August 19, 2014, Nima Ameri made an appearance on behalf of Plaintiff, (D.E. No. 29), and requested an extension of time to file opposition to the motions to dismiss, (D.E. No. 30). This Court granted the request and set an opposition due date of September 3, 2014. (D.E. No. 31). Two weeks past the deadline, on September 18, 2014, Plaintiff filed opposition to Synchrony and Verizon's motions. (*See* D.E. Nos. 35, 36). Synchrony filed a motion to strike plaintiff's opposition on account of the late filing. (D.E. No. 38). The Court notes that Plaintiff did not file opposition to FIA's motion to dismiss, nor to Synchrony's motion to strike.

Also on September 18, 2014, Plaintiff filed a letter seeking leave to amend the complaint. (D.E. No. 37). On September 30, 2014, U.S. Magistrate Judge Joseph Dickson held a Rule 16 conference and ordered that all motions be filed no later than December 15, 2014. (D.E. No. 40). Judge Dickson held a telephone conference with the parties on December 15, 2014, during which

---

[3] On March 13, 2015, all claims against Trans Union were dismissed with prejudice. (D.E. No. 53).

Plaintiff was ordered to circulate a proposed amended complaint by the end of the same day. (D.E. No. 45). A review of the docket indicates that Plaintiff failed to circulate a proposed amended complaint by the deadline. (*See also* D.E. Nos. 46, 48 (letters from Synchrony and Verizon advising the Court of Plaintiff's failure to circulate a proposed amended complaint by the deadline)). In response, Synchrony and Verizon requested that Plaintiff be barred from amending. (*Id.*). On January 8, 2015, Plaintiff withdrew his request to amend, advising the Court that "it is not [Plaintiff's] intention to file an amended complaint because the cause of action can be sufficiently gleaned from the four corners of this complaint." (D.E. No. 49). Thus, because Plaintiff has chosen to rest on the originally filed complaint, (D.E. No. 1-2), the Court will treat that as the operative pleading and rule on the pending motions to dismiss accordingly.

### III.   LEGAL STANDARD

"Rule 12(b)(6) requires a district court to dismiss a complaint if it fails to state a cognizable legal claim." *Ulferts v. Franklin Res., Inc.*, 554 F. Supp. 2d 568, 572 (D.N.J. 2008). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*,

969 F.2d 1454, 1462 (3d Cir. 1992)).  But "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal citation omitted).  Indeed, "[l]egal conclusions offered in the guise of factual allegations . . . are given no presumption of truthfulness." *K.J ex re. Lowry v. Div. of Youth and Family Servs.*, 363 F. Supp.2d 728, 738 (D.N.J. 2005).

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  Previously unpleaded allegations presented for the first time in an opposition brief are not properly considered by the Court when ruling on a 12(b)(6) motion.  *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rule[] . . . 12(b)(6).").

## IV.   DISCUSSION

### A.   Fair Credit Reporting Act[4]

The Fair Credit Reporting Act ("FCRA") was enacted by Congress primarily to protect consumers.  *See Gelman v. State Farm Mut. Auto Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009) (citing *Safeco. Ins. Co. of America v. Burr.*, 551 U.S. 47, 52 ("Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.")).  Its stated purpose is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

---

[4] Although the complaint only alleges "violations of . . . federal credit reporting acts," the Court construes this as a claim under the Fair Credit Reporting Act.

insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). Simply stated, Congress enacted the FCRA to preserve consumer privacy in the information collected and stored by consumer reporting agencies.

The statute places duties on two types of entities: credit rating agencies and "furnishers of information." The latter category generally refers to "any entity that reports information relevant to a consumer's credit rating—*i.e.*, payment history, amount of debt, and credit limit—to credit reporting agencies." *Burrell v, DFS Servs., LLC*, 753 F. Supp. 2d 438, 446 (D.N.J. 2010) (citing H.R. Rep. No. 108-396, at 24 (2003) (Conf. Rep.) ("The most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies.")).

### B.     Plaintiff's Claims Under § 1681s-2(a)

Section 1681s-2 of the FCRA generally addresses the responsibilities of information providers to consumer reporting agencies, and subsection (a) places a duty on data furnishers to provide accurate information. 15 U.S.C. § 1681s-2(a). "Put simply, 1681s-2(a) enables a data furnisher to provide information to a consumer credit agency as long as (1) the furnisher has indicated an address to which consumers can voice their dispute and (2) the furnisher was not in receipt of a complaint related to the data at issue." *Edwards v. Equable Ascent, FNCL, LLC*, No. 11-2638, 2012 WL 1340123, at *3 (D.N.J. Apr. 16, 2012).

A private right of action does not exist under subsection (a) of 1681s-2. In *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011), the court held that a plaintiff could not bring an action against a data furnisher for transmitting his credit information to a debt collection agency because "no private right of action exists under that provision [15 U.S.C. § 1681s-2a(1)(A)]." *See*

also *Burrell*, 753 F.Supp.2d at 447 ("[C]laims under subsection (a) of 15 U.S.C. § 1681s-2 fail because that portion of the FCRA does not provide a private cause of action."). Rather, section 1681s-2(a) is enforced exclusively by Federal agencies and officials and State officials. *See* 15 U.S.C. § 1681 s-2(c)-(d).

Therefore, to the extent that Plaintiff is attempting to assert a claim under 15 U.S.C. § 1681s-2(a), this claim must be dismissed because subsection (a) does not provide a private cause of action. *Huertas*, 641 F.3d at 34.

        **C.**        **Plaintiff's Claims Under § 1681s-2(b)**

Section 1681s-2(b) applies to a data furnisher's actions after being placed on notice by a consumer rating agency of a dispute and the existence of an informational error is confirmed. Section 1681s-2(b) is triggered only after a consumer notifies the consumer credit agency of a dispute. The consumer credit agency will then notify the data furnisher of the disputed information within five business days from the time the agency was notified by the consumer. Section 1681s-2(b)(1) provides specific guidelines for how the data furnisher may conduct the subsequent investigation into remedying the situation. 15 U.S.C. § 1681s-2(b)(l) states:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>     (A) conduct an investigation with respect to the disputed information;
>     (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>     (C) report the results of the investigation to the consumer reporting agency;
>     (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>     (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

>> (i) modify that item of information;
>> (ii) delete that item of information; or
>> (iii) permanently block the reporting of that item of information.

A data furnisher's investigation of its records must be reasonable "'to determine whether the disputed information can be verified.'" *Krajewski v. Am. Honda Fin. Corp.*, 557 F.Supp.2d 596, 609 (E.D. Pa. 2008) (quoting *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2008)). It is important to emphasize that § 1681s-2(b) does not provide relief for consumers who lodge their dispute directly with a furnisher of information. *See Burrell*, 753 F.Supp.2d at 448. Instead, the consumer is obliged to contact the consumer credit rating agency of the dispute that then contacts the furnisher of information. *See Young*, 294 F.3d at 639.

The district of New Jersey has recognized the existence of a private right of action pursuant to 15 U.S.C. § 1681s-2(b). *See Martinez v. Granite State Mgmt. & Res.*, No. 08–2769, 2008 U.S. Dist. WL 5046792, at *5 (D.N.J. Nov. 20, 2008) (citing *Krajewski*, 557 F.Supp.2d at 608)); *Bartley v. LVNV Funding LLC*, No. 09–3884, 2010 U.S. Dist. WL 2629072, at *9 (D.N.J. June 28, 2010). However, "in order to state a claim under section 1681s-2(b), the plaintiff must allege that: (1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Ruff v. America's Servicing Co.*, No. 07-0489, 2008 U.S. Dist. WL 1830182, at *4 (W.D. Pa. Apr. 23, 2008). The existence of a private right of action under subsection (b) therefore hinges on the consumer's direct notification of a dispute to the consumer credit agency. *Edwards*, 2012 WL 1340123, at *6.

Here, Plaintiff's Complaint must be dismissed because he does not allege notification. The claims against Synchrony and FIA allege in pertinent part as follows: "The defendant [Synchrony / FIA] in violations of state and federal credit reporting acts has incorrectly reported information

about Plaintiffs [sic] credits. As a direct and proximate result of defendant's negligence, plaintiff sustained damaged. [sic]" (Compl. at 5). Plaintiff offers no other factual detail beyond this. Likewise, against Verizon, Plaintiff alleges the following in pertinent part: "defendant Verizon Wireless has charged plaintiff for the charges which the plaintiff did not owe and maliciously has reported to Credit Bureau in violation of Federal and state credit act. As the result of foregoing action the plaintiff Hossein Ameri has been damaged." (Compl. at 6). Again, Plaintiff offers no factual details beyond these two conclusory statements.

Even when construed liberally, Plaintiff's Complaint makes no mention of any attempt on his part to contact a consumer credit agency. Therefore, the complaint must be dismissed.[5]

### D. Pre-Emption of State Law Claims

The FCRA contains two principal provisions that effectively pre-empt most, if not all, state causes of action. 15 U.S.C. § 1681h(e) states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

The FCRA's second pre-emption statute, 15 U.S.C. § 1681(t)(b) (1)(F), states that "[n]o requirement or prohibition may be imposed under the laws of any State—(1) with respect to any

---

[5] Plaintiff presents new facts in his opposition brief in order to defeat the motion to dismiss. In particular, Plaintiff claims that he sent notice to a credit reporting agency sufficient to trigger the duty of the moving defendants under the Fair Credit Reporting Act. (*See* Pl. Verizon Opp. Br. at 2). However, raising new facts in opposition that are not contained in the pleadings is clearly not permitted to defeat a motion to dismiss. *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rule[] . . . 12(b)(6)."). As noted in Part IV.E, *infra*, Plaintiff was provided ample opportunity to amend his complaint but failed to amend despite the repeated opportunities to do so.

subject matter regulated under—(F) section 1681s–2 of this title, relating to responsibilities of persons who furnish information to consumer reporting agencies." Based on the language of the statute, section 1681(t)(b)(1)(F) pre-empts all state causes of action, while 15 U .S.C § 1681h(e) provides pre-emption exemptions for defamation, invasion of privacy, and negligent actions involving a data furnisher acting with malice or willful intent.

Nevertheless, the district of New Jersey has "adopted a total pre-emption approach." *Edwards*, 2012 WL 1340123, at *7; *see also Burrell*, 753 F.Supp.2d at 451 (holding that § 1681(t)(b)(1)(F) "leaves no room for state law claims against furnishers of information . . . regardless of whether those claims are couched in terms of common law or state statutory obligations."). Similarly, both *Nonnenmacher v. Capital One*, 2001 WL 1321710 (D.N.J. Mar. 31, 2011) and *Henderson v. Equable Ascent Fin. LLC*, 2011 WL 5429631 (D.N.J. Nov. 4, 2011) adopted the total preemption approach by dismissing a plaintiff" state statutory and common law claims.

Here, Plaintiff alleges "violations of state . . . reporting acts" and negligence. (*See, e.g.*, Compl. at 5). These claims must be dismissed under the broad preemption provisions of the FCRA, in light of the "total pre-emption approach" followed in this district. *Edwards*, 2012 WL 1340123, at *7.

### E. Dismissal With Prejudice

Finally, the Court dismisses Plaintiff's FCRA claims against FIA, Verizon, and Synchrony, with prejudice because Plaintiff violated a Court order by not circulating an amended complaint and furthermore withdrew his request to amend.

Pro-se Plaintiff filed this complaint in May 2014, and current counsel filed a request for leave to amend on September 18, 2014. (D.E. No. 37). In violation of the local civil rules, Plaintiff

did not a file a proposed amended complaint with his request. (*See id.*). Then, on September 30, 2014, Plaintiff was advised to circulate a proposed amended complaint as soon as possible and given a final deadline of December 15, 2014. (D.E. No. 40). Plaintiff did not circulate a proposed amended complaint between September 30 and December 15, and when Judge Dickson held a telephone conference with the parties on December 15, he formally ordered Plaintiff to circulate a proposed amended complaint by the end of that same day. (D.E. No. 45). Plaintiff failed to circulate a proposed amended complaint by the deadline, in violation of this Court's Order. In addition, on January 8, 2015, Plaintiff filed a letter in which counsel advised the Court that "it is not [Plaintiff's] intention to file an amended complaint because the cause of action can be sufficiently gleaned from the four corners of this complaint," (D.E. No. 49), in spite of having sufficient notice that amendment of his complaint was necessary in light of the extensive briefing provided by the Moving Defendants.

Thus, because Plaintiff violated a Court order by not circulating a proposed amended complaint by December 15, 2014, and because he advised the Court on January 8, 2015 that he was withdrawing his request to amend, the Court will not permit Plaintiff to amend his complaint. *See Jones v. N.J. Bar Ass'n*, 242 F. App'x 793 (3d Cir. 2007) (failure to amend complaint by court-imposed deadline warranted sanction of dismissal with prejudice for want of prosecution).

### V. CONCLUSION

For the reasons above, the Moving Defendants' Motions to Dismiss are GRANTED and Synchrony's Motion to Strike is DENIED as moot. Plaintiff's Complaint is hereby dismissed with prejudice with respect to Synchrony, Verizon, and FIA. An appropriate Order accompanies this Opinion.

                                                s/Esther Salas
                                                **Esther Salas, U.S.D.J.**